UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANNIELLE M. SCHOLL,**

    **Plaintiff,**

**v.**                                                                                  Case No.  8:07-CV-1761-T-30MAP

**NIGHT DREAMS, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the Amended Stipulation for Dismissal of Action With Prejudice (Dkt. 24) and the Affidavit of Matthew D. Westerman, Esq., filed in support thereof (Dkt. 25).  A 60-day order of dismissal restricting the payment of attorneys' fees or costs without prior authorization or approval from this Court was entered on June 9, 2008 (Dkt. 23). The Court, having reviewed the stipulation and counsel's request for attorneys' fees, supporting memorandum, and affidavit, and being otherwise fully advised in the premises, determines that the attorneys' fees and costs are reasonable for this type of litigation.

The determination of a reasonable fee pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA") is left to the sound discretion of the court and will not be set aside absent a clear abuse of discretion. <u>Kreager v. Solomon & Flanagan, P.A.</u>, 775 F.2d 1541,

1543 (11th Cir. 1985).[1]  The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In a cause of action brought under the FLSA, the district court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination.  See Vanslambrouck v. Palmas, Incorporated, No. 6:05-CV-525-ORL-28, 2006 WL 288237, *2 (M.D. Fla. Jan. 31, 2006).  It is also necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.  See id.  This includes, comparing the amount of attorneys' fees and costs sought in relation to the amount of damages actually recovered.  See e.g., Reyes v. Falling Star Enterprises, Inc., No. 6:04-CV-1648-ORL-KRS, 2006 WL 2927553, *9 (M.D. Fla. Oct. 12, 2006); Odil v. Evans, No. 3:01-CV-70, 2005 WL 3591962, *4 (M.D. Ga. Dec. 30, 2005); Vanslambrouck, 2006 WL 288237, *3.

Pursuant to the settlement agreement referenced in the stipulation of dismissal, Defendants have agreed to pay Plaintiff a total of $5,000.00 in damages, inclusive of liquidated damages, to be attributed to the settlement proceeds as follows: (a) $2,454.00 to Plaintiff for unpaid overtime compensation and liquidated damages; (b) $2,000.00 to the Firm for attorneys' fees; and (c) $546.00 to the Firm for costs incurred. Counsel has provided an affidavit and time record in support of the requested fees.  The billing records indicate that

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate.  A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

Plaintiff's counsel has expended 18.4 hours on this matter.[2] Considering the customary market rate in the community for this type of litigation, the Court concludes that the amount of $2,000.00 is a reasonable attorneys' fee for this cause of action.

The Court further concludes that the $546.00 amount in costs sought by Plaintiff's counsel is reasonable. The Court finds that the remaining terms of the proposed settlement are otherwise a fair and reasonable resolution of a bona fide dispute.

It is therefore **ORDERED and ADJUDGED** that:

1. The award of $2,546.00 in attorneys' fees and costs, as set forth above, is hereby approved.

2. The **Clerk** is directed to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on August 8, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2007\07-cv-1761 Attorneys fees.frm

---

[2] This Court has previously found that a rate of $300.00 per hour was a reasonable rate for an attorney of counsel's background and years of experience. At his usual billing rate, counsel would be due $5,520.00, which exceeds the negotiated and compromised attorneys' fees by $3,520.00.